**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| STEPHANIE UPSON, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 25-4226-BAH |
| JOHN DIPAULA ET AL., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Stephanie Upson ("Plaintiff"), proceeding pro se, sues John DiPaula, principal of Marriotts Ridge High School, Diane D'Ambrosio Morris, executive director of secondary schools for Howard County Public School System ("HCPSS"), and P.J. Cayo, vice principal of Marriotts Ridge High School (together "Defendants"), in their individual capacities. ECF 19 (second amended complaint), at 1–2. Pending before the Court are a number of motions: (1) Plaintiff's motion to seal or, in the alternative, restrict public access sensitive personal information and exhibits, ECF 8, which Defendants have opposed, ECF 13; (2) Defendants' motion to dismiss the first amended complaint, ECF 14; (3) Plaintiff's renewed[1] emergency motion for a temporary restraining order ("TRO") and preliminary injunction ("PI"), ECF 20, which Defendants oppose, ECF 23, and to which Plaintiff replied, ECF 24; (4) Plaintiff's motion for leave to file supplemental

---

[1] The Court denied Plaintiff's first motion for a TRO and PI because the relief sought was not tied to any count in the operative complaint. *See* ECF 10. Plaintiff filed the second amended complaint to ameliorate this deficiency. *See* ECF 20, at 2 ("Plaintiff has now filed a Second Amended Complaint expressly asserting that Defendants are violating her fundamental parental rights under the Fourteenth Amendment by restricting her access to school events involving her children."). Plaintiff did not seek the Court's leave before filing the second amended complaint, but Defendants to not appear to challenge its filing under Fed. R. Civ. P. 15(a), *see generally* ECF 25.

evidence in support of her emergency motion, ECF 22; and (5) Defendants' motion to dismiss the second amended complaint, ECF 25, which is not yet ripe.

## I.     Plaintiff's Emergency Motion for a TRO and PI

In her emergency motion, Plaintiff seeks preliminary injunctive relief in regard to Count III of the second amended complaint in which she asserts a claim under 42 U.S.C. § 1983 for deprivation of her fundamental parental rights. *See* ECF 19, at 11–12 ¶¶ 98–107; ECF 20, at 1. She "seeks narrow, prospective relief permitting her to attend school-sponsored activities open to parents [at Marriotts Ridge High School], absent a specific and contemporaneous individualized safety determination." ECF 20, at 1.

As previously noted, "[a] preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (citations omitted).   To obtain a preliminary injunction, Plaintiff must establish four factors: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm if preliminary relief is not granted; (3) that the balance of equities favors her; and (4) that an injunction is in the public interest.  *See Frazier v. Prince George's Cnty.*, 86 F.4th 537, 543 (4th Cir. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  The movant "must establish all four elements in order to prevail." *Profiles, Inc. v. Bank of America Corp.*, 453 F. Supp. 3d 742, 746 (D. Md. 2020) (citing *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013)).  "The substantive requirements for a TRO and a preliminary injunction are identical." *J.O.P. v. U.S. Dep't of Homeland Sec.*, 409 F. Supp. 3d 367, 376 (D. Md. 2019) (citing *U.S. Dep't of Lab. v. Wolf Run Mining Co., Inc.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006)).

2

Plaintiff argues that she is likely to succeed on Count III because she, as a parent, "possess[es] a fundamental liberty interest under the Fourteenth Amendment in the care, custody, and upbringing of [her] children, including the reasonable participation in [her] children's education and school-related activities." ECF 20, at 4. As alleged in the operative complaint, Plaintiff "was employed as a teacher" at Marriotts Ridge High School. ECF 19, at 2 ¶ 9. She faced disciplinary action as a result of allegations (unspecified in the operative complaint) leading to "Defendants issu[ing] substantiated findings accusing Plaintiff of violating Maryland child abuse law." *Id.* at 1 ¶ 3. Plaintiff alleges that "[t]hroughout the [disciplinary] process, Defendants relied on undisclosed allegations, and denied Plaintiff any constitutionally adequate opportunity, either before or after deprivation, to challenge the factual basis of the accusations or clear her name." *Id.* at 2 ¶ 4. "On July 16, 2025, Defendants imposed retroactive suspension without pay pending termination[.]" *Id.* at 6 ¶ 49. Plaintiff's two children also attend Marriotts Ridge High School. *See id.* at 8 ¶ 63. "Since January 2025, Defendants have imposed and maintained restrictions on Plaintiff's ability to access Marriotts Ridge High School property, including for routine school-related activities open to parents and families." *Id.* ¶ 64. "The students referenced in Defendants' prior allegations no longer attend Marriotts Ridge High School as of the conclusion of the 2024-2025 school year." *Id.* ¶ 66.

Plaintiff asserts that after seeking permission to attend her children's athletic events though this past March and her "offer[] to comply with any reasonable conditions for attendance, including check-in procedures and remaining in designated spectator areas," *id.* ¶ 68, her requests have been denied "without providing any specific justification, safety rationale, or individualized assessment," *id.* ¶ 69. Plaintiff argues that "Defendants are burdening her parental rights without constitutionally adequate justification or process" because "Defendants have identified no current,

3

individualized safety risk to Plaintiff's children or any student that would justify the continued restriction." ECF 20, at 4. "In the absence of any articulated present safety risk," Plaintiff contends, "the continued restriction constitutes arbitrary and constitutionally impermissible government action." *Id.* To the motion, Plaintiff attaches correspondence dating from August 2025 to March 2026 (mostly with Carrie Booth, who is apparently the Director of the Department of Employee and Labor Relations and who is not a party to this suit) regarding Plaintiff's restricted access to Marriotts Ridge, ECF 20-1, and a declaration from Plaintiff, ECF 20-2. In the motion for leave to file supplemental evidence, Plaintiff offers a letter from HCPSS approving her children's enrollment at Marriotts Ridge, ECF 22-1, which also permits Plaintiff to "attend events at all other HCPSS schools," ECF 22, at 2. This motion will be granted, and the Court will consider the evidence provided in deciding the emergency motion for a TRO and PI below.

Defendants oppose Plaintiff's motion for preliminary injunctive relief, arguing that Plaintiff is unlikely to succeed on the merits of her claim. *See* ECF 23, at 3–5. In particular, they advance that the actions she complains of are not encompassed within the contours of fundamental parental rights, that even if they were, Plaintiff has not alleged that the restrictions on her access to Marriotts Ridge High School fail rational basis review, and that she has not provided sufficient factual support for an injunction against these particular Defendants. *Id.* at 3–6. Defendants also argue that Plaintiff has not met the other three *Winter* factors. *See id.* at 6–8. Plaintiff contends in reply that the complained-of conduct is attributable to the named Defendants, that the harm alleged is not speculative, that Defendants have not justified or narrowly tailored what she characterizes as a "blanket exclusion," and that the balance of equities and public interest favor her requested injunction. *See* ECF 24, at 1–4. The reply contains additional correspondence between Plaintiff and Carrie Booth. *See id.* at 6–9.

4

The Court agrees with Defendants that Plaintiff has not established likelihood of success on the merits, which dooms the emergency motion. True, "the Supreme Court has stated consistently that parents have a liberty interest, protected by the Fourteenth Amendment, in directing their children's schooling." *Herndon by Herndon v. Chapel Hill-Carrboro City Bd. of Educ.*, 89 F.3d 174, 179 (4th Cir. 1996). However, the Court is not convinced at this stage that the parental rights contemplated by the Fourteenth Amendment include a parent's right to attend sporting events. "The right [to direct a child's education] refers to parental control over the content of a child's education and the type of school they attend, not a parent's ability to be physically present at school activities." *Pennington v. Taylor*, 776 F. Supp. 3d 1118, 1160 (M.D. Ala. 2025) (citing *Meyer v. Nebraska*, 262 U.S. 390, 400 (1923); *Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, 268 U.S. 510, 534 (1925)).

Further, even assuming the Fourteenth Amendment does protect Plaintiff's right to attend her children's sporting events, "most due process challenges to public school policies are subject only to rational basis review." *Mahmoud v. McKnight*, 102 F.4th 191, 217 (4th Cir. 2024) (citing *Herndon*, 89 F.3d at 177–79), *rev'd and remanded on other grounds sub nom. Mahmoud v. Taylor*, 606 U.S. 522 (2025). While Plaintiff does not expressly state which standard of constitutional review applies to the restriction on her attendance, she uses the language of strict scrutiny, framing the question as Defendants' burden to justify the restrictions as "narrowly tailored." *See* ECF 24, at 3; *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 720 (2007) (noting that strict scrutiny is a "searching standard of review, [where] the school districts must demonstrate that the [challenged policy] under review is 'narrowly tailored' to achieve a 'compelling' government interest" (citation omitted)). "Except when the parents' interest includes a religious element, however, the [Supreme] Court has declared with equal consistency that *reasonable*

regulation by the state is permissible even if it conflicts with that interest. That is the language of rational basis scrutiny." *See Herndon*, 89 F.3d at 179.

To convince the Court that a higher standard than rational basis review applies, "Plaintiff must carefully define each parental right and identify a substantial historical pedigree for each such right. A right does not become fundamental by a plaintiff's *ipse dixit*." *Gottesman v. Bd. of Educ. of Montgomery Cnty.*, Civ. No. DKC 25-1682, 2026 WL 574975, at *17 (D. Md. Mar. 2, 2026). Plaintiff has not carefully defined the rights or identified the required historical basis that would subject the challenged restriction to strict scrutiny. Nor has Plaintiff sufficiently demonstrated that the challenged restriction does not pass rational basis review. "Rational basis review 'requires only that the [challenged state action] be shown to bear some rational relationship to legitimate state purposes.'" *Gottesman*, 2026 WL 574975, at *18 (alteration in original) (quoting *Herndon*, 89 F.3d at 177); *see also S.A. Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 40 (1973)). "Under this deferential standard, the plaintiff bears the burden 'to negate every conceivable basis which might support' the [challenged state action]." *Giarratano v. Johnson*, 521 F.3d 298, 303 (4th Cir. 2008) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)). Based on the allegations in the complaint and the evidence before the Court, the Court cannot say that the restriction on Plaintiff's attendance at sporting events at Marriotts Ridge does not satisfy rational basis review. The fact that Plaintiff is permitted to attend events at other HCPSS schools does not alter the Court's conclusion. The allegations in the operative complaint and evidence submitted demonstrate that Plaintiff's physical presence is restricted from the specific school where her employment has been suspended due to allegations of child abuse (even if Plaintiff vigorously denies the allegations). The Court cannot say at this stage that this restriction does not bear some rational relationship to a legitimate state purpose, even if Plaintiff's children attend the same

6

school. Because Plaintiff has not established likelihood of success on the merits of her claim, her emergency motion for a TRO and PI is denied.

## II.    Motion to Seal or Restrict Public Access

Turning now to the motion to seal, Plaintiff seeks to "seal or restrict public access" to certain portions of the record, including "Plaintiff's personal contact information (home address, personal email address, phone number);" "[r]ecords and exhibits containing identifying information of minor students;" "[s]chool investigative materials;" "[m]edical or employment records;" and "[a]ny exhibit referencing student discipline, alleged misconduct, or protected educational records." ECF 8, at 1–2. She argues that such sealing is warranted because the allegations involve Plaintiff's unpaid suspension, stigmatizing findings, and termination proceedings following allegations involving student interactions" and disclosure might cause Plaintiff and unnamed non-party minors "invasion of privacy;" "reputational damage;" "risk of harassment or retaliation;" potential FERPA violations;" and "emotional harm to students." *Id.* at 2. Defendants oppose, arguing that Plaintiff's contact information is required by counsel for opposing parties and the Court, that sealing is not necessary to protect the identity of students (who Defendants contend are no longer minors), and that blanket sealing of exhibits or other records is not appropriate. *See* ECF 13, at 1–3. Plaintiff did not file a reply.

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005)). "The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to

7

public scrutiny." *Id.* (citing *Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004)). Should a litigant wish to seal a particular filing, they may do so pursuant to Local Rule 105.11, which states in relevant part: "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Rule 105.11 balances the public's common law right to inspect and copy judicial records and documents, *see Nixon,* 435 U.S. at 597, with competing interests that sometimes outweigh the public's right, *see In re Knight Publ'g Co.,* 743 F.2d 231, 235 (4th Cir. 1984).

To begin, Plaintiff does not identify any documents already filed on the public docket that she wishes to seal. It is therefore difficult to determine the scope of Plaintiff's request, which appears to be prospective, at least to the exhibits and records (rather than her contact information). The Court will not blanketly seal or restrict access to the exhibits and records Plaintiff mentions because Plaintiff has not put forth a sufficiently specific basis for doing so, and granting Plaintiff's request at this stage would be premature. Should this case proceed to discovery, documents produced and/or filed with the Court may become subject to a protective order. For now, where the motion to dismiss the second amended complaint is not yet ripe, it is yet unclear whether such documents need be filed.[2] Should a party file any material that they wish to be sealed, they may file a contemporaneous motion to seal outlining the specific reason for doing so in compliance with Local Rule 105.11. The Court also notes that personal embarrassment to a plaintiff is typically not sufficient to justify sealing, especially where the materials a plaintiff seeks to seal are central to the claims. *See Doe v. RealPage, Inc.,* No. 1:24-CV-00885-JRR, 2024 WL 2863545, at

---

[2] No party has moved to seal the second amended complaint or motion to dismiss.

*4 (D. Md. June 6, 2024) ("Fear of humiliation and embarrassment or the threat of economic harm, standing alone, is not a sufficient reason to grant a motion to proceed pseudonymously." (quoting *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 733 (W.D. Va. 2012))); *Stevens v. Cabarrus Cnty. Bd. of Educ.*, No. 1:20-CV-335-JEP, 2022 WL 4620906, at *15 (M.D.N.C. Sept. 30, 2022) (sealing plaintiff's contact information but declining to seal other information in plaintiff's personnel filed "since [p]laintiff has put that information at issue by proceeding with this case, and on balance the public right of access would outweigh any remaining privacy interests in Plaintiff's own personnel records and information").

As to Plaintiff's contact information, Defendants correctly note that Plaintiff has already provided a P.O. box, and they appear to consent to sealing and redacting Plaintiff's home address "[i]f [she] accepts service using her alternative PO Box address." *See* ECF 13, at 2. Defendants' objections to sealing Plaintiff's contact information concern their ability (and the Court's) to "effectuate timely service of future pleadings as well as communications with Plaintiff." *Id.* The Court finds that Plaintiff's request to seal her home address, phone number, and personal email address would not burden the public's right of access to public records so long as the other information contained in those documents remains on the public docket (and subject to the logistical limitations indicated below).[3] *See Johnson v. City of Baltimore Dev. Corp.*, Civ. No. GLR-11-2174, 2013 WL 3934022, at *5 (D. Md. July 29, 2013) (finding a plaintiff's personal email address subject to sealing (citing *Rock v. McHugh,* 819 F. Supp. 2d 456, 475 (D. Md. 2011))); *Fortson v. Garrison Prop. & Cas. Ins. Co.*, No. 1:19-CV-294, 2022 WL 824802, at *4 (M.D.N.C. Mar. 18, 2022) (granting motion to seal plaintiff's address because "[t]he public does not need to

---

[3] No member of the public has opposed Plaintiff's motion despite adequate time to do so. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 376 (4th Cir. 2021).

9

know her address to understand the issues or the basis for any judicial decision and her privacy interests support sealing her address"); *Anderson v. Diamondback Inv. Grp., LLC*, 661 F. Supp. 3d 415, 429 (M.D.N.C. 2023) (granting motion to partially seal document containing plaintiff's phone number because "[p]laintiff has already filed a version of this document with her proposed redactions" and because her "phone number [is] personal information not relevant to this litigation"), *aff'd*, 117 F.4th 165 (4th Cir. 2024). The Court further finds that Plaintiff's request is reasonable given the sensitive nature of the allegations in the complaint and Plaintiff's former public-facing employment. *See Stevens*, 2022 WL 4620906, at *15 (sealing plaintiff's contact information but declining to seal other information central to the claims as noted above). The Court will therefore grant Plaintiff's request to seal her home address, phone number, and personal email address.[4] Going forward, this information should be redacted from documents filed on the public docket.

Sealing information already on the docket presents some logistical hurdles. Some early filings appear to have included Plaintiff's home address, phone number, and email address that she now seeks to seal. *See, e.g.*, ECF 1, at 5. The Court will not seal these documents until Plaintiff specifically identifies which ECF docket entries contain her home address, phone number, and personal email address and provides redacted versions of those documents. The Court will also deny without prejudice Plaintiff's request to seal her email address to the extent it appears on the docket header. Plaintiff is participating in the Court's Electronic Document Submission System (EDSS), which requires Plaintiff to keep an email address on file with the Clerk's Office. Logistically, the Court is unable to both maintain Plaintiff's status as an EDSS filer (using her

---

[4] The Court will address the personal email address below, as sealing it presents logistical challenges not presented by her address or phone number.

10

personal email address) and remove the personal email address she uses for filing from the docket. Plaintiff may opt to no longer participate in EDSS, which would enable the Clerk to remove her email address from the docket. If she wishes to take this approach, she must notify that Clerk in writing that she rescinds her consent to receive electronic notice. She would have to make all filings in person or by mail, and service on Plaintiff would also be effectuated by mail at the address she has provided the Court (the P.O. Box). Alternatively, Plaintiff may choose to use a different email address for filing through EDSS and receiving service. She may then file a renewed motion to seal her personal email address to the extent it still appears on the public record, identifying where it appears in the case record and submitting redacted documents where appropriate.[5]

In any case, Plaintiff maintains an obligation to keep a current address on file with the Court. *See* Loc. R. 102.1(b)(iii) (D. Md. 2025).[6] She must also ensure that she keeps opposing counsel apprised of her current contact information and must continue to monitor the docket and abide by court orders, as any litigant must. *See, e.g., Tomey v. Baltimore Cnty.*, Civ. No. L-09-390, 2011 WL 2457679, at *4 (D. Md. June 15, 2011) ("All plaintiffs have an affirmative duty to actively monitor the progress of the lawsuits they bring and a responsibility to take steps to ensure the smooth progression of litigation.").

---

[5] As Plaintiff has filed numerous documents with her hcpss.org email address, the Court assumes that Plaintiff does not wish to seal this email address.

[6] Local Rule 102.1(b)(i) requires that "[a]t the bottom of all court documents, counsel and self-represented litigants shall state their name, address, telephone number, email and fax number." Plaintiff may include the public contact information she provides to the Court in her signature blocks and need not provide the information permitted to be sealed.

11

## III.    Motions to Dismiss

Because Plaintiff has filed a second amended complaint, Defendants' motion to dismiss the first amended complaint, ECF 14, will be denied as moot.  The Court will rule on the motion to dismiss the second amended complaint, ECF 25, in due course after it is ripe.

## IV.    Conclusion and Order

Accordingly, it is this 14th day of April, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  Plaintiff's motion to seal or, in the alternative, to restrict public access to sensitive personal information and exhibits, ECF 8, is GRANTED IN PART AND DENIED IN PART AS FOLLOWS;

    a.  Plaintiff's request for a blanket seal of court records and evidence containing sensitive material is DENIED;

    b.  Plaintiff's request to seal her home address, phone number, and personal email address is GRANTED prospectively;

    c.  To the extent Plaintiff requests that documents already filed on the public docket containing her contact information be sealed, Plaintiff is directed to file a notice by April 21, 2026, identifying which docket entries should be sealed and providing redacted versions of those filings;

    d.  The Clerk is directed to REMOVE Plaintiff's phone number from the docket header;

    e.  Plaintiff's request to seal her personal email address is DENIED WITHOUT PREJUDICE to the extent she uses it for filing through EDSS; and

    f.  Plaintiff is REMINDED that she must keep the Court and opposing counsel apprised of her contact information;

2.  Defendants' motion to dismiss the first amended complaint, ECF 14, is DENIED AS MOOT;

3.  Plaintiff's renewed emergency motion for a temporary restraining order and preliminary injunction, ECF 20, is DENIED;

4.  Plaintiff's motion for leave to file supplemental evidence, ECF 22, is GRANTED;

5.  The Court will rule on Defendants' motion to dismiss the second amended complaint, ECF 25, in due course; and

6.  The Clerk SHALL SEND a copy of this memorandum and order to Plaintiff.

/s/

Brendan A. Hurson
United States District Judge

13